## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

**THIS SETTLEMENT AGREEMENT** (the "Agreement"@) is entered into on this _____ day of March, 2018 by and between Defendants LANDAMERICA HOLDINGS & INVESTMENTS GROUP, LLC D/B/A LANDAMERICA HOMES, VINCENT T. PRINCE and TERRY COLEY, (hereinafter referred to as Defendants) and Plaintiff JOHNNIE RAY MILLER, JR. (hereinafter referred to as "Plaintiff), (collectively, the "Parties").

WHEREAS, Plaintiff filed a complaint against Defendants in a case pending in the United States District Court for the Southern District of Florida, CASE NO. 16-62691-CIV-DIMITROULEAS/SNOW, the ("Civil Action"), wherein he is claiming unpaid overtime and minimum wages under the Fair Labor Standards Act, and unpaid wages under Florida law;

WHEREAS, Defendants dispute the allegations of the civil action, and deny that Plaintiff was ever employed by them and that Plaintiff is owed any unpaid wages for any reason, or that Plaintiff has any basis in fact for any legal claim against Defendants for any reason; and

WHEREAS, all parties understand the risks of not prevailing by proceeding to a jury trial and also understand the costs and attorney's fees to be incurred by proceeding to trial, and both parties want to avoid the risks of financial liability and expenses that a jury trial would present, it is

THEREFORE, in consideration of the premises and of the mutual covenants and promises hereinafter provided, and of the actions taken pursuant thereto, agreed by and between the parties as follows:

1. **Recitals:** All of the foregoing recitals are true and correct and incorporated herein by reference.

2. **Non-Admission of Liability/Wrongdoing:** This Agreement shall not in any way be construed as an admission by Defendants that they or any of their agents or representatives have acted wrongfully in violation of the common law or in violation of any federal, state, local or foreign statute or regulation. Defendants deny liability and have denied liability from the outset of the Civil Action. However, Defendants determined that the cost of trial and appellate proceedings would exceed the cost of settlement. Thus, Defendants have made the business decision to settle the claims by Plaintiff.

3. **Joint Motion for Approval of Settlement and Dismissal:** Upon the execution of this agreement by all parties and their counsel, counsel will file a joint motion seeking approval of the settlement, reservation of jurisdiction to enforce the terms of the settlement agreement and dismissal with prejudice.

1

4. **Settlement Payment:** Within 10 business days of approval of this settlement by the court and the entrance of an order of dismissal of Plaintiff's claims, Defendants shall remit payments to Plaintiff=s counsel in the amount of $4,500 (Four Thousand and Five Hundred and No/100 Dollars). Every thirty days thereafter for a period of 90 days, Defendants shall remit payments to Plaintiff's counsel in the amount of $2,500 (Two thousand and Five Hundred and No/100 dollars) each, for a total settlement of $12,000. The payments shall be made payable to Koz Law, P.A. Trust Account, and delivered to Koz Law, P.A., 320 S. E. 9th Street, Fort Lauderdale, Florida. These payments will serve as full and final settlement and in satisfaction of any and all claims Plaintiff has, had, or may have against Defendants, including, but not limited to, any and all claims for compensation of any kind, compensatory damages, liquidated damages, regular wages, overtime wages, punitive damages and/or all claims for attorney=s fees and costs.

5. **Distribution of the Settlement Proceeds:**

a) $850.00 shall be distributed to Plaintiff as unpaid wages.

b) $850.00 shall be distributed to Plaintiff as liquidated damages, and

c) $10,300.00 shall be distributed to Koz Law, P.A. for attorney's fees and costs.

6. **Mutual Releases:**

a) In consideration of the promises contained in this Agreement plus other good and sufficient consideration including but not limited to the settlement payments in paragraph 5 of this Agreement, Plaintiff JOHNNY RAY MILLER., JR, for himself, his heirs, executors, administrators, representatives, attorneys, successors and assigns, hereby releases Defendants LANDAMERICA HOLDINGS & INVESTMENTS GROUP, LLC D/B/A LANDAMERICA HOMES, VINCENT T. PRINCE, TERRY COLEY, and their affiliates, predecessors, successors and assigns, and all their present and former officers, directors, employees, stockholders, agents, representatives, attorneys and accountants, from all claims or causes of action whatsoever, known or unknown, including all claims which were alleged or could have been alleged in the Civil Action against Defendants, or any other claims against Defendants which Plaintiff has, had or may have and which arose from the beginning of the world to the date of this Agreement. The claims being released include, but are not limited to, any and all claims for wages, overtime, minimum wage or any other form of compensation and for retaliation pertaining to employment practices prohibited under federal, state or local law, and include, without limitation, claims arising under or for alleged violations of: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. '2000 *et. seq.;* 42 U.S.C. "1981, 1983, 1986 and 1988; The Age Discrimination in Employment Act (ADEA); The Americans with Disabilities Act; 42 U.S.C. ' 12101, *et. seq.;* The Equal Pay Act of 1963, as amended; The Fair Labor Standards Act, *as* amended; the Family and Medical Leave Act, The Employee Retirement Income Security Act of 1974, Federal Common Law; The National Labor Relations Act; The Florida Civil Rights Act of 1992, as amended; The Florida Equal Rights Law, as amended; The Florida General Labor Regulations, *as* amended, Workers= Compensation; Tort; Wrongful discharge; Tortious interference with contractual

relations, Whistleblower actions, or the common law of the State of Florida, including but not limited to breach of contract (whether written or oral), promissory estoppel, intentional infliction of emotional distress, defamation, and negligent supervision or retention, or claims for attorney=s fees and costs.

b)   Defendants LANDAMERICA HOLDINGS & INVESTMENTS GROUP, LLC D/B/A LANDAMERICA HOMES, VINCENT T. PRINCE and TERRY COLEY, hereby remise, release, acquit, satisfy, and forever discharge Plaintiff JOHNNY RAY MILLER, Jr., of and from any and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity which Defendants ever had, now have, or which any personal representative, successor, heir or assign of Defendants hereafter can, shall, or may have, against Plaintiff from the beginning of the world to the day of these presents.

7.   **Known and Unknown Claims**: For the purpose of implementing a full and complete release and discharge, the Parties expressly acknowledge that this Agreement and the General Releases included therein are intended to include in their effect, without limitation, all claims in the Civil Action and all claims of which the Parties are aware, or reasonably should be aware, at the time of execution hereof; and that this Agreement contemplates the extinguishment of any and all such claims or actions.

8.   **No Pending Claims or Charges:** Plaintiff represents and warrants that he has neither filed nor made any claims, charges, complaints, or actions of any type, whether legal, equitable, or administrative, against Defendants or any other individual or entity released by this Agreement, other than the Civil Action settled herein. Plaintiff represents and warrants that no such claims, charges, complaints, or actions are currently pending, except for the Civil Action settled herein.

9.   **Liability of Breaching Party:** Attorneys= Fees and Costs: The prevailing party in any action to enforce this agreement shall be entitled to reasonable attorney's fees and costs, including attorney's fees and costs incurred during post-judgment collections.

10.   **Construction:** The Agreement shall be deemed as a joint work product of all Parties and their respective counsel, and all Parties shall be considered the drafters of this Agreement. Any rule of construction to the effect that any ambiguities are to be construed against the drafting party shall not be applicable in any interpretation of this Agreement.

11.   **Captions:** The captions of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

12. **Integration**: This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings, whether written or oral, between the Parties hereto pertaining to the subject matter hereof.

13. **Validity of Agreement**: Except for section 5 above, if, for any reason whatsoever, any one or more of the provisions of this Agreement shall be held or deemed to be inoperative, unenforceable or invalid by a court of competent jurisdiction in a particular case or in all cases, such circumstances shall not have the effect of rendering such provision invalid in any other case or rendering any other provisions of this Agreement inoperative, unenforceable or invalid. This Agreement may be signed separately and the signature pages combined to complete a binding contract. The Parties agree that copies and PDF and telefax copies shall be treated as originals unless a genuine issue is raised about their authenticity or genuineness within three business days of receipt. Moreover, Plaintiff acknowledges that he has been represented by his attorney before signing this Agreement.

**IN WITNESS WHEREOF,** the undersigned Defendants, have executed this Agreement on this __12__ day of March, 2018, in Broward County, Florida.

_____  
Vincent T. Prince  
Date: 3/12/2018

_____  
Terry Coley  
Date: 3/12/2018

_____  
LandAmerica Holdings & Investments Group, LLC  
Print Name: Vincent Prince  
Title: Partner  
Date: 3/12/2018

**IN WITNESS WHEREOF,** the undersigned Plaintiff has executed this Agreement on this __2__ day of March, 2018, in Broward County, Florida.

_____  
Johnny Ray Miller, Jr.

4